Heirs of Adams vs. Heirs of Starks et al.

No. 7691.

HEIRS OF AMOS ADAMS VS. HEIRS OF J. B. STARKS ET AL.

This is an Appeal from a judgment decreeing the nullity of a tax sale of a tract of land. Nothing in the Record shows the value of the land. The Appeal is, therefore, dismissed. It must appear affirmatively and clearly, from the amount of the matter in dispute, that this Court has jurisdiction.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge.  *McVea*, J.

*J. & G. W. Burgess* and *C. D. Favrot* for Plaintiffs and Appellees.
*Sam'l P. Greves* and *T. B. Dupree* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiffs sue for the nullity of a tax sale of a tract of land, owned by their ancestor, in the parish of East Baton Rouge, and sold for taxes on the 2nd day of May, 1870.

From a judgment decreeing the nullity of such tax sale, and recognizing plaintiffs as the lawful owners of the land in controversy, defendants have taken the present appeal.

Our attention is called by appellees' counsel to the fact that nothing in the record shows the value of the land in suit.

After a diligent search throughout the whole record, we have been unable to find any allegation either in the petition or answer, any evidence or any affidavit tending to show that the amount in dispute in this case exceeds one thousand dollars.

At the tax sale of the land in May, 1870, it was adjudicated for the sum of three hundred and seventy-five dollars, a circumstance which strongly points to our want of jurisdiction over the cause.

Defendants' counsel suggest that a tax sale should not be used as a test of the value of lands sold in such proceedings.  If the sale is sufficient to convey to them a good and valid title to the land, it should certainly be used as a test of the value of the lands on the market at that time, in the absence of any evidence to the contrary.   They call our attention to a sheriff's sale of the same lands in 1845 for four thousand dollars, and suggest that that sale should be the criterion of the value of the property in litigation.

But they lose sight of the immense and painful depreciation in the value of real estate in Louisiana, which has marked the history of our State during the thirty-six eventful years which have rolled by since the date of that sale.   It is not a violent presumption to suppose that these lands have shared the fate of the many princely estates of these prosperous times, which have now little or no value.

But be that as it may, under the constitutional provision which

defines our jurisdiction, such jurisdiction must appear affirmatively and clearly, and cannot be left to presumption or conjecture.

It was incumbent on the appellants, in some of the modes pointed out by law, to show conclusively that the amount in dispute in their appeal was of an amount sufficient to vest us with jurisdiction, which we cannot, and will not, assume in the absence of such proof.

We have had occasion in several decisions to construe and apply the constitutional provision defining and limiting our jurisdiction, and we must adhere to a rule which we consider clear and unambiguous. See cases of Wilkins vs. Gantt, 32 An. 929 ; Thompson vs. Lemelle, 32 An. 932 ; Testard vs. Belot, 32 An. 604.

In this case it is not shown that the amount in dispute exceeds one thousand dollars, and we, therefore, conclude that we have no jurisdiction.

It is, therefore, ordered that this appeal be dismissed at appellants' costs.